IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| VOLTSTAR TECHNOLOGIES INC. f/k/a HORIZON TECHNOLOGIES, INC, | ) ) ) |
| Plaintiff, | ) ) |
| -vs- | ) The Honorable ) John Z. Lee ) |
| AMAZON.COM, INC. | ) No. 1:13-cv-05570 ) |
| Defendant | ) ) |
| ——————————————— | ) |

## PLAINTIFF'S MEMORANDUM IN OPPOSITION TO AMAZON'S MOTION FOR SUMMARY JUDGMENT (DE 21) AND IN SUPPORT OF VOLTSTAR'S CROSS-MOTION FOR SUMMARY JUDGMENT

February 28, 2014

Jerold I. Schneider
Jerold.schneider@sriplaw.com
SCHNEIDER ROTHMAN
INTELLECTUAL PROPERTY
LAW GROUP, PLLC
4651 North Federal Highway
Boca Raton, FL 33431
(561) 404-4350
        and
Keith A. Vogt
kvogt@takiguchiandvogt.com
TAKIGUCHI & VOGT
1415 W. 22nd Street, Tower Floor
Oak Brook, IL 60523
(773) 340-9469
*Attorneys for Plaintiff*

# TABLE OF CONTENTS

I.   AN OVERVIEW OF AMAZON'S NON-INFRINGEMENT MOTION .................................................................................. 1

II.  VOLTSTAR'S CROSS-MOTION FOR SUMMARY JUDGMENT OF INFRINGEMENT ...................................................... 2

III. AMAZON'S MOTION DOES NOT PRECLUDE GRANTING VOLTSTAR'S CROSS-MOTION ................................... 3

IV.  FACTS ................................................................................ 3

   A.   The Parties, the Products and the Patent ........................... 3

      1.   Voltstar ................................................................. 3

      2.   Amazon ................................................................ 4

   B.   Functional and Non-Functional Features of the Charger Design .. 4

   C.   Explanation of Design Patent Drawings ........................... 5

   D.   Preliminary Comparison of Voltstar's Patent and Amazon's Product .................................................................. 7

   E.   Verbal "Claim" Construction ....................................... 9

   F.   Comparison of Patented and Accused Designs to the Closest Prior Art 9

   G.   Comparison of Patented and Accused Designs to the Second Closest Prior Art ....................................................... 12

   H.   Amazon's Design Infringes the Voltstar Patent ................ 14

V.   ARGUMENT .......................................................................... 14

   A.   The Scope of Design Patent Protection ........................... 14

   B.   Verbal Interpretation of the Design Patent "claim" is Inappropriate. ........................................................... 15

   C.   Amazon Infringes Under the Proper Legal Standard..................... 18

VI.  CONCLUSION......................................................................................... 19

# TABLE OF AUTHORITIES

**Cases**

*Amini Innovation Corp. v. Anthony California, Inc.*, 439 F.3d 1365 (Fed. Cir. 2006). ...................................................................2, 14, 16, 17

*Avia Group Intern., Inc. v. L.A. Gear California, Inc.*, 853 F.2d 1557 (Fed. Cir. 1998)...................................................................14, 15

*Dobson v. Doman*, 118 U.S. 10 (1886)......................................................... 16

*Door-Master Corp. v. Yorktowne, Inc.*, 256 F.3d 1308 (Fed. Cir. 2001) ................................................................................................................ 15

*Egyptian Goddess, Inc. v. Swisa, Inc.*, 543 F.3d 665 (Fed. Cir. 2008)(*en banc*)........................................................................................ passim

*Read Corp. v. Portec, Inc.*, 970 F.2d 816 (Fed. Cir. 1992) ...................... 18

**Statutes**

35 U.S.C. §171 .............................................................................14, 15

**Rules**

Fed. R. Civ. P. 56........................................................................ passim

Local Rule 56.1 ............................................................... 1, 2, 7, 17

**Regulations**

M.P.E.P. §1503.01 ........................................................................ 16

# I.     AN OVERVIEW OF AMAZON'S NON-INFRINGEMENT MOTION

A three-legged stool will collapse when any leg "breaks." Amazon.com, Inc.'s (Amazon's) summary judgment motion relies on three interwoven propositions – a three-legged "legal" stool.  However, none of those "legs" is proper for evaluating design patent infringement. As such, Amazon's stool collapses. Voltstar will elaborate on Amazon's incorrect approach in greater detail in the argument section of this Memorandum but summarizes them here to assist in putting additional undisputed facts in context.

First, Amazon's Local Rule 56.1(a)(3) Statement of Undisputed facts is insufficient to support summary judgment.  Amazon does not meet the requirement that it demonstrate under Fed. R. Civ. P. 56(a) "that the movant is entitled to summary judgment as a matter of law". The first leg of the stool is broken.

Second, Amazon relies on a plethora of facts, none of which are cited to the record (in addition to being disputed).  Amazon does not meet the requirement under Fed. R. Civ. P. 56(c)(1)(A) or 56(c)(1)(B) that purportedly undisputed facts *must* be supported by the record. The second leg of the stool is broken.

Third, Amazon relies on a series of incorrect propositions of law, any one of which defeats summary judgment.  For example, Amazon asserts non-infringement by comparing its product to individual features that it has carefully selected from Voltstar's patent drawings, then asserts (not surprisingly) that those features are absent for the Amazon product, and then draws the anticipated conclusion of non-infringement.  This is incorrect as a matter of law since design patent infringement occurs if, in the eye of an ordinary purchaser, giving such attention as a purchaser usually gives, two designs are so similar that the purchaser, *familiar with the prior art*, would be deceived by the similarity between the claimed design and the accused designs, inducing him to purchase one supposing it to be the other. *Egyptian Goddess, Inc. v. Swisa, Inc.*,

543 F.3d 665, 684 (Fed. Cir. 2008)(*en banc*)[1] (Announcing the so-called "three-way test" comparing the patent, the accused device, and the closest prior art.)  Amazon ignores the prior art entirely and in doing so applies an improper test.  Also, Amazon takes the individual features it selected and creates a verbal description of the patented design – a "claim construction" of the type employed with utility patents – and then points out (again, not surprisingly) that these features are not found in the Amazon product.[2]  Verbal "claim construction" generally has no place in a design patent infringement analysis.  *Egyptian Goddess,* 543 F.3d at 679, n.1.  An element-by-element analysis like Amazon's is improper. *Amini Innovation Corp. v. Anthony California, Inc.*, 439 F.3d 1365, 1372 (Fed. Cir. 2006). Finally, Amazon mischaracterizes aspects of the patented design as "functional" and proceeds to totally ignore them.  Design patent protection excludes only those features that are *purely* functional. *Egyptian Goddess,* 543 F.3d at 680.  The elements disregarded by Amazon are not purely functional.  Any one of these legal defects would be sufficient to for the third stool leg to be broken!

Infringement is manifest when evaluated under the applicable law.  Accordingly, Amazon's motion for summary judgment of non-infringement should be denied.

## II.    VOLTSTAR'S CROSS-MOTION FOR SUMMARY JUDGMENT OF INFRINGEMENT

Voltstar owns a design patent for an electrical charger –- that is not disputed.  The design of Amazon's accused electrical charger is not disputed.  As distinguished from a utility patent, where the words of a written claim must be construed by the court, design patents claim "the ornamental design as shown," and infringement is judged by the "ordinary observer" test.  Here,

---

[1]      The rationale for comparing the accused and patented designs to the closest prior art was explained by the Court in *Egyptian Goddess,* 543 F.3d at 676, 677, 678 and 682.

[2]      Most of Amazon's Memorandum is devoted to assertion of facts that are not cited to Amazon's Local Rule 56.1(a)(3) Statement of Undisputed Material facts or to either of Amazon's supporting declarations in violation of Local Rule 56.1.

there are no disputed issues of fact -- the ordinary observer would find infringement. Accordingly, summary judgment of infringement should be entered.

## III. AMAZON'S MOTION DOES NOT PRECLUDE GRANTING VOLTSTAR'S CROSS-MOTION

Amazon applies the wrong law, ignores precedent from some of the cases that it cites, and argues purported "facts" that are neither in its Statement of Facts nor in its supporting declarations.

In contrast to the Amazon motion, Voltstar's cross-motion is fully annotated to the Statement of Facts, which in turn is fully annotated to a Declaration and Exhibits, and Voltstar relies on the applicable law. Amazon's improper Motion does not preclude granting Voltstar's fully supported Cross-Motion.

## IV. FACTS

### A. The Parties, the Products and the Patent

#### 1. Voltstar

Plaintiff Voltstar Technologies, Inc. ("Voltstar") is an Illinois corporation with its principal place of business at 1320 Tower Road, Schaumburg, Illinois 60173. (SOF ¶1)[3] Voltstar makes and sells wall plug accessory products that can be used to charge devices designed and sold by other companies, including the "Volt-Star Mini Charger." See http://volt-star.com/volt-mini-charger.php. (SOF ¶2)

Voltstar's Mini Charger may be used to charge Amazon Kindle devices (SOF ¶3), and is currently offered for sale on www.amazon.com and also through Voltstar's website. (SOF ¶4)

---

[3]     SOF refers to Voltstar's Local Rule 56.1(b)(3) Counter-Statement of Undisputed Facts filed concurrently. SOF ¶¶ 1 through 21 are based on Amazon's Local Rule 56.1(a)(3) Statement of Undisputed Facts and except for SOF ¶ 12 there is no factual dispute between the parties.

Voltstar's website specifically advertises its Mini Charger as an accessory for use with Amazon Kindle devices, among other devices. (SOF ¶5) Voltstar owns a portfolio of United States and foreign patents, both utility patents directed at the function of its charger products, and design patents directed at the ornamental features of its charger designs. (SOF ¶6)

### 2.  Amazon

Amazon is a Delaware corporation with its principal place of business at 410 Terry Avenue North, Seattle, Washington 98109.  (SOF ¶7) Amazon is known for its e-reader products sold under the Kindle brand name, which Amazon began selling in 2007.  (SOF ¶8)  Amazon also sells an accessory USB wall plug that consumers may use to charge the Kindle products. (SOF ¶9)

Voltstar filed this action against Amazon on August 5, 2013, alleging that Amazon's accessory USB wall plug infringes Voltstar's design patent, U.S. Patent No. D587,192.  (SOF ¶10)  The Voltstar patent, entitled "Electrical Charger," was filed on November 27, 2007, issued on February 24, 2009 (SOF ¶11), is directed to an ornamental design for an electrical charger, and includes a single claimed embodiment shown in six figures with various perspective views. (SOF ¶¶11, 12)

The accused Amazon wall plug is the subject of its own patent, U.S. Design Patent No. D611,409.  (SOF ¶ 14)

### B.  Functional and Non-Functional Features of the Charger Design

The ornamental design is determined by observation of the drawings in the design patent. It is not the "decorative appearance" as suggested by Amazon (SOF ¶22), but rather the overall ornamental design substantially as shown and described in Figures 1 – 6 of the Voltstar patent. (SOF ¶40)  All of the design features in Voltstar's '192 patent are ornamental, *i.e.,* not dictated by function, with the possible exception of the two blades *per se* on one end of the product that

plug into a 110-volt receptacle, and the USB port *per se* on the opposite end of the product. (SOF ¶23)  The blades and the USB port, but not their location, may be "dictated by function" as they are both "inter-fit" parts, that is, parts that mate with another part, but their location is ornamental as long as the product can be used as intended. (SOF ¶25)

Having a function (*e.g.,* a chair leg) is quite different from a design dictated by function -- if a design is dictated by function, there can be no alternate designs for the product, but  in this case there are obviously many alternate designs to Voltstar's '192 patent's design. (SOF ¶¶24-26)

**C.       Explanation of Design Patent Drawings**

Amazon argues (Summary Judgment Memorandum, page 3) that the "principal ornamental feature of the Voltstar patent …is an overall beveled appearance with a number of facets." First, this assertion is not 'fact': (a) it is devoid of citation to Amazon's Local Rule 56.1(a)(3) Statement of Uncontested Facts, and (b) it lacks any citation to any declaration or other factual matter in the record.  Voltstar objects to Amazon's purported fact pursuant to Fed. R. Civ. P. 56(c)(2).

Second, Amazon's unsupported facts are based on an incorrect understanding of design patent drawings.  Voltstar's design patent drawings are computer-aided design or "CAD" drawings, with CAD being one of several drawing conventions commonly accepted by the United States Patent and Trademark Office (USPTO). (SOF ¶27)  CAD patent drawings are typical and have been in common use for several decades. (SOF ¶28)

A CAD line in a drawing does *not* represent a break in the surface, (SOF ¶30), contrary to Amazon's factually unsupported argument, but *does* define a *change* in the surface. (SOF ¶31) The technical name for this type of design patent drawing is "tangential edge line shading." (SOF ¶31)

In the following illustration of Figure 1 from the Voltstar '192 Design Patent, each CAD line defines the intersection between two different shaped surfaces. CAD line 1 defines the intersection between surface 1 and surface 2, and CAD line 2 defines the intersection between surface 2 and surface 3. In this Figure, surface 1 is flat, surface 2 is curved and surface 3 is curved with surface 3 having a larger radius of curvature (a more gradual curve) when compared to surface 2.



(SOF ¶32)

Amazon acknowledges having a design patent on their own charger (SOF ¶34), and the Amazon design patent uses the exact same CAD drawing convention as Voltstar's '192 design patent. (SOF ¶33) So, when Amazon argues that its charger has no "facets" or "bevels", that fully confirms the knowledge of industrial designers that the lines on both the Voltstar and

Amazon patents are not facets or bevels but are CAD drawing conventions showing the intersection between two surfaces. (SOF ¶29)

### D. Preliminary Comparison of Voltstar's Patent and Amazon's Product.

Design patents have no dimensions and can be enlarged or reduced, so long as the proportional relationships do not change, and this is akin to enlarging or reducing a photograph. While the overall size changes, the proportions among the individual elements in the photograph (or in the design patent drawing) remain unchanged. This is called "scaling," and to "scale" means to enlarge or reduce the overall size of the drawings. (SOF ¶36) Scaling to actual size presents the patent drawings and the accused product in the size that an ordinary observer would actually compare the patented and accused designs. (SOF ¶37)

Any single elevation view from a design patent can be measured to determine proportional relationships, for example, between height and width of the design. But care must be taken when measuring proportions between different views (such as height from one view and width from a different view) in case the two views are not to the same scale. (SOF ¶35)

Exhibits 11-16[4] illustrate drawing-to-physical-device comparisons made between the Voltstar '192 patent drawings and photographs of the Amazon device to the same scale, namely, the actual size of Amazon's accused product.(SOF ¶38) Exhibit 11, shown on the next page, is exemplary of this comparison:

---

[4] Exhibits 1 – 32 are filed as part of the Expert Report of Cooper Woodring; the Report and Exhibits are cited in Voltstar's Local Rule 56.1(a)(3) Statement of Undisputed Facts.

## Voltstar's '192 Patent's Front Perspective View



## Amazon's Accused Electrical Charger Design



(SOF ¶38)

On the body shape of the patented design, there is a line at the intersection that separates the body's flat top surface from the radius that smoothly transitions to the body's side surface. This line is *not* a break but rather a line defining where the flat top surface of the body ends and where the curve or radius of the body's side surface begins. The CAD drawing convention is

considered by the industrial design community to be the most accurate way of communicating a design. The '192 patent teaches a smoothly contoured body design just like Amazon's accused design, not a faceted or angled body design. (SOF ¶39)

E.    **Verbal "Claim" Construction**

Voltstar disputes Amazon's proposition that verbal claim construction is appropriate, as noted below in the Argument section of this Memorandum.

If verbal claim construction is needed, the following is accurate and consistent with the novel contribution of the '192 patent design when compared to the known prior art. (SOF ¶43)

Both the patented and the accused designs share the following combination of ornamental visual features: an extruded body shape having a racetrack shaped cross-section when viewed from the end and having the body's cross-sectional width being a little less than twice the body's height, one end of the body being flat and perpendicular to the body's extruded shape, the other end having an "S"-shaped taper terminating in a smaller racetrack shape which is also perpendicular to the body's extruded shape, the "S"-shaped tapered portion being about one-quarter of the body's total length. (SOF ¶42)

F.    **Comparison of Patented and Accused Designs to the Closest Prior Art**

The facts in this section are totally missing from Amazon's approach but are required for the infringement analysis as will be pointed out in the Argument section of this Memorandum.

Among the 36 prior art references cited against Voltstar's '192 patent and/or Amazon's '409 patent is U.S. Patent No. D583,316 ("the '316 patent"). This patent is the closest prior art design because, like the Voltstar and Amazon designs, the '316 design has a stepped, extruded, racetrack shaped body. (SOF ¶44)

Unlike the '192 design and the Amazon design, in the '316 patent's design the taper occurs on only two sides of the body, not on all four sides like in the '192 and '409 patents' designs. Unlike the '192 and Amazon designs, in the '316 patent the taper is closer to the flat plug end of the body, while in the '192 and Amazon designs the taper is near the opposite, or USB, end of the body. In the '316 patent's design the larger cross-section of the body is a minority of the body's length and the smaller cross-section of the body is a majority of the body's length, while in the '192 and Amazon product designs it is just the opposite; the larger cross-section of the body is a majority of the body's length and the smaller cross-section of the body is a minority of the body's length. (SOF ¶45) Exhibit 18, reproduced on the next page, illustrates this comparison in "perspective" view:

Voltstar's '192 Patent's Front Perspective View
&
Amazon's Accused Electrical Charger Design
&
The '316 Patent, The Closest Prior Art Design



(SOF ¶38)  Amazon's design is closer in overall appearance to Voltstar's '192 patent's design than is the closest prior art '316 patent's design, thus Amazon's product is substantially the same as the patented design under the "Three-Way Test." (SOF ¶46)

**G.     Comparison of Patented and Accused Designs to the Second Closest Prior Art**

The second closest prior art reference is design patent D446,499 ("the '499 patent"). (SOF ¶47)  Like the Voltstar and Amazon designs, the '499 patent's design shows an extruded-type body design having a racetrack shaped cross-section and having flat ends that are perpendicular to the body's cross-section.  The '499 patent's design does not have a step in the extruded body shape to a smaller racetrack shape, like the '192, Amazon and '316 patents' designs.  (SOF ¶47)

Unlike the '192 and Amazon designs, in the '499 patent's design there is no step in the extruded body's racetrack shaped cross-section leading to a smaller racetrack shape.  Also, when scaled to the same body length as the '192 patent, the '499 patent's design is considerably less high, as best seen in Exhibit 27. (SOF ¶48) Exhibit 25, reproduced on the next page, provides the comparison in perspective view:



Voltstar's '192 Patent's Front Perspective View
&
Amazon's Accused Electrical Charger Design
&
The '499 Patent, The Next Closest Prior Art Design

(SOF ¶48)

Amazon's design is closer in overall appearance to Voltstar's '192 patent's design than is the second closest prior art the '499 design, thus Amazon's product is substantially the same as the patented design under the "Three-Way Test." (SOF ¶49)

### H.     Amazon's Design Infringes the Voltstar Patent

The overall appearance of Amazon's charger would appear substantially the same as the overall appearance of Voltstar's '192 patent's overall appearance in the eye of an ordinary observer who was familiar with the prior art.  (SOF ¶50)

An ordinary observer would consider the overall effect and appearance of the Voltstar design and the Amazon product to be substantially the same.  Stated another way, the Amazon product embodies the overall effect of the '192 patent's design in sufficient detail and clarity to conclude that the two are substantially the same in overall appearance. (SOF ¶51) Since Amazon's design is visually closer to the patented design than is any prior art design, the overall appearance of the Amazon product is substantially the same as the overall appearance of the patented design under the "Three-Way Test." (SOF ¶51)

Amazon's accused power adapter's overall design infringes Voltstar's '192 patent's overall design.  (SOF ¶¶52-58)

## V.     ARGUMENT

### A.     The Scope of Design Patent Protection

Design patent protection is afforded to "...any new, original and ornamental design for an article of manufacture…" 35 U.S.C. §171. A design patent protects the non-functional aspects of an ornamental design as seen as a whole and as shown in the patent. *Amini Innovation Corp. v. Anthony California, Inc.*, 439 F.3d 1365, 1370-71 (Fed. Cir. 2006). In this context, a design aspect is functional *only* if it is essential to the use or purpose of the article or if it affects the cost or quality of the article. *Id.* at 1371.

Every article of manufacture will have some function otherwise it would not be possible to obtain a design patent on a useful article of manufacture. *Avia Group Intern., Inc. v. L.A. Gear California, Inc.*, 853 F.2d 1557, 1563 (Fed. Cir. 1998)  However, a distinction exists

between (a) the functionality of an article or its features, and (b) the functionality of the particular design of those articles or features. A design is evaluated to determine if it is *primarily* functional, *Avia Group,* 853 F.2d at 1563. Features are not functional if different configurations could perform the same function. *Door-Master Corp. v. Yorktowne, Inc.*, 256 F.3d 1308, 1313 (Fed. Cir. 2001).

If the ornamental design includes both functional and non-functional features, the patent does not cover the features that are *purely* functional, *Egyptian Goddess,* 543 F.3d at 680, or *primarily* functional, *Avia Group,* 853 F.2d at 1563.

Against this legal standard, the only features in the Voltstar design that are *purely* or *primarily* functional are the two prongs *per se* for plugging into a wall socket at one end, and the USB port *per se* on the other. (SOF ¶22) The *location* of these features, however, is not purely functional as evidenced by the prior art that illustrates numerous alternate locations for these features. (SOF ¶24)

Amazon's "factual" conclusion that Voltstar's design features are functional is devoid of citation to its Statement of Undisputed Facts. Voltstar objects to the purported facts as not cited to admissible evidence. Fed. R. Civ. P. 56(c)(2). Amazon's approach – to disregard purportedly functional features – is incorrect as a matter of law. Only *purely* or *primarily* functional features are to be disregarded. Summary judgment for Amazon must be denied.

### B. Verbal Interpretation of the Design Patent "claim" is Inappropriate.

A design patent is for an ornamental product as shown in the drawings. 35 U.S.C. §171. Indeed, the actual "claim" in the design patent at issue is for "the ornamental design for an electrical charger as shown and described." (SOF ¶33). The "description" indicates only that which the various figures are illustrating. Thus, in the case of the '192 patent, the entire description is:

FIG. 1 is a perspective view of the front end of an electrical charger showing our new design; FIG. 2 is a perspective view of the back end thereof; FIG. 3 is a right side view thereof, the left side being a mirror image; FIG. 4 is a top plan view thereof, the bottom being a mirror image; FIG. 5 is an end view of the back end thereof; and FIG. 6 is an end view of the front end thereof.

(SOF ¶12, Exhibit A to the Complaint and Exhibit 6 to Voltstar's SOF). No verbal "interpretation" is needed to understand the drawings or the design.[5]

It is axiomatic that a design is better represented by an illustration than it could be by a description in words. *Dobson v. Doman*, 118 U.S. 10, 14 (1886). According to the United States Patent and Trademark Office Manual of Patent Examining Procedure "as a rule the illustration in the drawing views is *its own best description*." M.P.E.P. §1503.01. It is the *drawings* in the design patent, not just one feature, that defines the patented design. *Amini,* 439 F.3d at 1371.

The foregoing concept is embodied in the Federal Circuit's *en banc* decision in *Egyptian Goddess.* "[T]he court has recognized that design patents 'typically are claimed as shown in the drawings,' and that claim construction 'is adapted accordingly.'" *Egyptian Goddess*, 543 F.3d at 678 (internal citation omitted).

Given the recognized difficulties entailed in trying to describe a design in words, the *preferable* course ordinarily will be for a district court *not* to attempt to 'construe' a design patent claim by providing a detailed verbal description of the claimed design.

*Egyptian Goddess,* 543 F.3d at 679 (emphases added).

---

[5] Verbal construction of a utility patent claim differs because the terms to be construed appear in the patent claim, and the patent specification may be relied upon as a guide for claim construction.

While a verbal or 'word' claim construction of a design patent *may* be appropriate when considering validity, the Federal Circuit has *not* required a detailed verbal description of a claimed design. *Egyptian Goddess,* 543 F.3d at 679. Instead, that Court has approved verbal descriptions such as "a tray of a certain design as shown in Figures 1-3." *Egyptian Goddess,* 543 F.3d at 679 and fn.1.

Amazon eschews the *Egyptian Goddess* rules. Rather than interpret the design properly, Amazon lists eleven features in its Memorandum (albeit not in its Local Rule 56.1(a)(3) Statement) and purports to provide a verbalization of the Voltstar design from those features.[6] Not surprisingly, Amazon carefully selected only features that are not found in the Amazon product to support a non-infringement argument. An infringement determination *cannot* be made by analyzing each element separately instead of analyzing the design as a whole from the perspective of an ordinary observer. *Amini,* 439 F.3d at 1372. Analyzing each element separately is error. *Id.* While it is correct to factor out the functional aspects of various design elements, discounting of functional elements must not convert the overall infringement test to an element-by-element comparison. *Id.*

The folly of the Amazon approach becomes apparent when considering the following verbal claim construction:

> An extruded body shape having a racetrack shaped cross-section
> when viewed from the end and having the body's cross-sectional
> width being a little less than twice the body's height, one end of
> the body being flat and perpendicular to the body's extruded shape,
> the other end having an "S"-shaped taper terminating in a smaller

---

[6]   Voltstar again objects under Fed. R. Civ. P. 56(c)(2) to Amazon's purported facts not properly cited to the record.

racetrack shape which is also perpendicular to the body's extruded shape, the "S"-shaped tapered portion being about one-quarter of the body's total length.

The foregoing accurately describes the Voltstar design, and the Amazon product, but does not describe either of the two closest prior art documents. (SOF ¶¶42-43). Thus by careful word selection, without the benefit of a detailed patent specification as in the case of utility patents, a verbal claim construction can be crafted to meet the needs of the proponent. Amazon's approach is legally incorrect. Amazon's Motion should be denied.

## C. Amazon Infringes Under the Proper Legal Standard

Once the *purely* functional features have been eliminated from consideration, infringement may be determined. If a design includes both functional and ornamental features, infringement occurs if an ordinary person "would be deceived by reason of the common features in the claimed and accused designs which are ornamental." *Read Corp. v. Portec, Inc.,* 970 F.2d 816, 825 (Fed.Cir.1992).

Infringement of a design patent is evaluated under the so-called three-way test of *Egyptian Goddess,* namely, a comparison of the patented design, the accused product, and the closest prior art, in the eyes of the ordinary observer. *Egyptian Goddess,* 543 F.3d at 683. Whether the closest prior art is the '316 patent design or the '999 patent design, the Amazon product infringes. (SOF ¶¶ 43- 51)

Amazon has totally ignored the prior art, let alone the closest prior art design. But Amazon, in its capacity as movant, has the burden of production as to any comparison prior art at this stage of the proceedings. *Egyptian Goddess,* 543 F.3d at 678-679. One again, Amazon's motion for summary judgment fails. Voltstar has identified the closest (and second closest) prior art designs and has thus met its ultimate burden of proof as patentee. *Id.*

## VI.    CONCLUSION

Summary judgment is proper where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a).  Amazon has failed to meet its burden of proof with admissible, non-disputed facts.  Amazon relies on incorrect propositions of law.  Amazon's Motion for Summary Judgment should be denied.

Voltstar has amply demonstrated its entitlement to summary judgment of design patent infringement under the evidentiary standards of Fed. R. Civ. P. 56 *and* under the applicable law for determination of design patent infringement.  Accordingly, Voltstar's Motion for Summary Judgment that the Amazon charger infringes Voltstar's Design Patent should be granted.

February 28, 2014                                    Respectfully submitted,

                                                                /s/ Jerold I. Schneider
                                                                Jerold I. Schneider
                                                                Jerold.schneider@sriplaw.com
                                                                SCHNEIDER ROTHMAN
                                                                INTELLECTUAL PROPERTY
                                                                LAW GROUP, PLLC
                                                                4651 North Federal Highway
                                                                Boca Raton, FL 33431
                                                                (561) 404-4350

                                                                and

                                                                Keith A. Vogt
                                                                kvogt@takiguchiandvogt.com
                                                                TAKIGUCHI & VOGT
                                                                1415 W. 22nd Street, Tower Floor
                                                                Oak Brook, IL 60523
                                                                (773) 340-9469

                                                                *Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 28th day of February 2014, I served a copy of the foregoing on all parties on the attached service list via ECF.


/s/ Jerold I. Schneider
Jerold I. Schneider


**SERVICE LIST**

Kristopher R. Kiel
kkiel@jenner.com
Bradford P. Lyerla
blyerla@jenner.com
Nicole C. Berg
nberg@jenner.com
JENNER & BLOCK LLP
353 North Clark Street
Chicago, IL 60654
*Attorneys for Defendant*