IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| VOLTSTAR TECHNOLOGIES INC. f/k/a HORIZON TECHNOLOGIES, INC., <br><br> Plaintiff, <br><br> -vs- <br><br> AMAZON.COM, INC. <br><br> Defendant | ) <br> ) <br> ) <br> ) <br> ) The Honorable <br> ) John Z. Lee <br> ) <br> ) No. 1:13-cv-05570 <br> ) <br> ) <br> ) |

**PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT OF
CROSS-MOTION FOR SUMMARY JUDGMENT**

May 2, 2014

                                                  Respectfully submitted,

                                                  Jerold I. Schneider
                                                  FL Bar No. 26975
                                                  Jerold.schneider@sriplaw.com
                                                  SCHNEIDER ROTHMAN
                                                  INTELLECTUAL PROPERTY
                                                  LAW GROUP, PLLC
                                                  4651 North Federal Highway
                                                  Boca Raton, FL 33431
                                                  (561) 404-4350

                                                  Keith A. Vogt
                                                  kvogt@takiguchiandvogt.com
                                                  TAKIGUCHI & VOGT
                                                  1415 W. 22nd Street, Tower Floor
                                                  Oak Brook, IL 60523
                                                  (773) 340-9469
                                                  Attorneys for Plaintiff

# CONTENTS

I. INTRODUCTION ................................................................................................. 1

   A. THE APPLICABLE LEGAL PRINCIPLES ....................................................... 2

   B. VOLTSTAR'S CROSS-MOTION SHOULD BE GRANTED .......................... 4

II. CONCLUSION ..................................................................................................... 7

# TABLE OF AUTHORITIES

**Cases**
*Egyptian Goddess Inc. v. Swisa, Inc.,* 543 F.3d 665 (Fed. Cir. 2008)(en banc) ...................... 2
*Gorham Co. v. White,* 81 U.S. 511 (1871) ................................................................... 2, 3, 4

**Rules**
Fed. R. Civ. P. 26(a)(1) ............................................................................................................ 7
Fed. R. Civ. P. 56 .................................................................................................................... 6
Fed. R. Evid. 201 .................................................................................................................... 4

Plaintiff, by and through its undersigned counsel, hereby files its Reply Memorandum in Support of its Cross-Motion for Summary Judgment

## I. INTRODUCTION

At the initial status conference on November 6, 2013, Amazon told the Court that they were seeking summary judgment of non-infringement of the Voltstar Design Patent because, *inter alia,* the case was simple and straight-forward and Voltstar's patented design included bevels and facets not found in the accused Amazon product. (See, e.g., DE 22-1, page 7; ("no fewer than ten well-defined facets…"; "Amazon's product features no facets…") *Id.,* page 8) After analyzing Amazon's Motion, the absence of supporting evidence and the incorrect statements of facts, Voltstar filed a cross-motion for summary judgment of infringement.

Months later, multiple briefs later and dozens of pages of expert reports later, Amazon concedes that, in fact, Voltstar's patented design does <u>not</u> include bevels or facets. That concession, however, never appears in Amazon's Reply.[1] Rather, than concession is buried in Amazon's response to Voltstar's Counter Statement of Undisputed Material Facts.[2] None-the-less, Amazon argues for summary judgment in its favor and denial of the cross-motion for summary judgment. In doing so, Amazon invokes some "rules of law" that, when analyzed, are nothing more than a cobbling

---

[1] A computer word search of Amazon's Reply, DE 55, fails to reveal the word "bevel" or "facet".
[2] See, DE 56, page 4, response to Counter-Statement of Undisputed Material Facts Nos. 29 and 34.

1

together of extrapolations of prior decisions with added words not found in those decisions.

### A. THE APPLICABLE LEGAL PRINCIPLES

Both parties rely on *Egyptian Goddess Inc. v. Swisa, Inc.,* 543 F.3d 665 (Fed. Cir. 2008)(en banc) for various propositions. But, Amazon relies on the theory that one "rule [of law] necessarily leads to a second [rule of law]" without any supporting authorities to help Amazon bridge the gap. The first "rule" is that design patents have "almost no scope". Amazon correctly cites *In re Mann* for that proposition. However, Amazon reads too much into that decision, Amazon states <u>without citation</u> that "design patents claim a *singularity*—*i.e.,* they are strictly construed to claim only the exact design shown in the figures. (DE 55, page 5). Not satisfied, however, Amazon continues "This rule necessarily leads to a second. To infringe a patent that has "almost no scope" there must be *almost no difference* between the accused product and the patented design." That phrase, however, does not appear in *In re Mann* and we have not found that phrase in any of the cases cited by Amazon. Then, not content with their own "second rule", Amazon postulates that the "accused product must be virtually the *same* … "citing *Egyptian Goddess* and *Gorham Co. v. White,* 81 U.S. 511 (1871) Those cases, however, do not appear to include the phrase "virtually the same". The conclusion, therefore, is that Amazon's statement of the law is less than precise.

Despite Amazon's protestations to the contrary the <u>full</u> statement in *Gorham v. White* (also cited by both parties) does not support an automatic rejection of infringement if there are differences between the patented design and the accused product. Rather, the Court stated:

> If in the eye of an <u>ordinary observer, giving such attention as a purchaser usually gives</u>, two designs are substantially the same, if the resemblance is such to deceive such an observer, inducing him [or her] to purchase one supposing it to be the other, the first one patented is infringed by the other. *Gorham v. White,* 81 U.S. 511, 528 (1871) (emphasis added)

Thus, it is not the mere counting of differences as Amazon suggests, rather the test involves "…giving such attention as a purchaser usually gives…" While one might argue that such "attention" involves things such as price, deliberation or spontaneity in making purchasing decisions, etc., the Court in *Gorham* also commented that the differences "would not be noticed without a critical examination.." *Id.* at 530.

It can hardly be denied that purchasers of silverware (*Gorham*) <u>would</u> likely make a critical comparison and would likely <u>not</u> make a spontaneous purchase such as purchasers of low cost chargers. The result of the critical comparison *Gorham* resulted in many differences (see attached copy of Exhibit 9 previously filed as DE 43-10)

Of course, in *Gorham* the Supreme Court found design patent infringement despite all the differences.

The conclusion is that while Amazon (and their expert) may identify a myriad of differences, Amazon has failed to inform the Court how much attention the ordinary observer gives to the type of products involved. Amazon, as the moving

3

party on its motion, failed to present any evidence on who the ordinary purchaser is or what attention the ordinary purchaser gives to that type of product. As such, Amazon's motion must be denied. Voltstar's cross-motion, however, is different as will be pointed out below.

Pursuant to Fed. R. Evid. 201, Voltstar ask the Court to take Judicial Notice that the accused product is a low price item. Fed. R. Evid. 201 (d) allows the Court to take Judicial Notice at any stage of the proceeding. Fed. R. Evid. 201 (c)(2) requires the Court to take Judicial Notice when requested by a party and when supplied with the necessary information. Voltstar supplies the Court with the necessary information, namely, Defendant Amazon's own website page www.amazon.com (search for kindle charger) showing a charger price at $14.99, last visited April 29, 2014)

Voltstar submits that a charger for a kindle is much more a spontaneous purchase than silverware (*Gorham*).

### B. VOLTSTAR'S CROSS-MOTION SHOULD BE GRANTED

Voltstar's presented a counterstatement of facts that were comprehensive. To the extent that the Court disregards any portion of those counterstatements, there can be no dispute that the facts relied upon by Voltstar find support in the record. One purpose of Voltstar's comprehensive counterstatement was to avoid the situation that Amazon created, namely, an inadequate statement of undisputed fact, including the

4

total absence of any purported facts on facets or bevels. Yet facets and bevels were the thrust of Amazon's initial argument.

Amazon's "objections" and "responses" to Voltstar's counterstatement of facts (Amazon.com's Response to Voltstar's Local Rule 56.1(B)(3)Counterstatement of Undisputed Material Facts)(DE 56) are telling. Voltstar presented 37 statements of undisputed facts (numbered 22 – 58). While Amazon objected on various grounds (including argumentative, immaterial, legal conclusion) only eight (Nos. 43, 46, 50, 51, 52, 55, 56, 58) were fully disputed and only eight others (Nos. 39, 41, 42, 44, 45, 47, 48, 49) were partially disputed (on the facts *per se.*) Many of the "disputes" were to the overall conclusion of infringement.

Amazon argues that its own expert's declaration is not needed to grant Amazon's motion but it is presented to challenge Voltstar's expert i.e.., "to create a genuine dispute" that "the Court cannot ignore." (Amazon Reply, DE 55, page 16). But Voltstar's expert (who had actual experience in connection with designing small electrical plugs[3]) opined that there was infringement, thus "creating a genuine dispute" as to Amazon's motion. And, since Voltstar's expert has experience in the type of product involved, he is competent to opine based on the degree of attention that the ordinary purchaser (of the product in question) would give. Notwithstanding that Amazon has backed down from its "facets and bevels" argument, Amazon asks the Court to ignore Voltstar's expert (thus allowing Amazon to prevail on its motion) but

---

[3] See, DE 43, page 4 (Page 7 of 27 Page ID #357) ¶¶ 7 and 8, and Exhibits 5A and 5B (DE-43.5).

accept Amazon's own expert (thus preventing Voltstar from prevailing on its cross-motion). In other words, Voltstar's motion must be denied because of a genuine issue of material fact, but Amazon's motion may be granted notwithstanding a genuine issue of material fact.

Voltstar submits that Amazon is arguing for a double standard – Amazon's expert cannot be ignored, thus Voltstar is not entitled to summary judgment, but Volstar's expert can be ignored thus entitling Amazon itself to summary judgment. Voltstar submits that Amazon's characterization of the law is contrary to Fed. R. Civ. P. 56. To the contrary, Voltstar's expert did employ a correct standard.

But that is not the only double standard advocated by Amazon. Amazon disputes the verbal characterization of the Voltstar design and argues that attempts to describe the patents and the accused product are <u>immaterial</u> because the patents and products speak for themselves. (Reply to Undisputed Facts, No. 39, DE 56, pages 6-7) Yet Amazon's initial brief and its reply brief are both replete with Amazon's verbal descriptions of the patents and the products. Indeed, Amazon's entire approach in support of summary judgment (an in opposition to the cross-motion for summary judgment) is to verbalize differences (i.e., describe the patents and the accused product) and ignore similarities yet its entire defense to the cross-motion is predicated on the theory that verbal characterizations are immaterial.

6

Amazon's contradiction (it is permissible for Amazon to verbalize differences but it is immaterial when Voltstar verbalize similarities) taxes credulity and undermines Amazon's entire approach.

Voltstar submits that at this stage it would not be helpful to the Court for Voltstar to point out each and every situation where Amazon extrapolates on the law. Several have been noted above. One additional factor, however, may be of assistance to the Court. Amazon argues that the Voltstar expert is not the "ordinary observer" and thus his opinions should be ignored. (DE 55, page 9). Yet as noted above, Voltstar's expert is also experienced in the design of small electrical plugs. As such, since he designed products for consumers, he is qualified to give an opinion as to how ordinary observers would view the patent and the accused product. No case cited by Amazon is to the contrary.

## II.    CONCLUSION

Amazon's initial presentation, from which they have withdrawn "facets and bevels" and Amazon's continued incorrect arguments about the law, by citing snippets and then extrapolating those snippets, apparently were for one purpose only, namely, avoiding discovery.

Amazon's Motion should be denied, Voltstar's Cross-Motion should be granted, and the case should proceed under on damages.

In the alternative, if the Court denies both Summary Judgment Motions, since the contentions on validity and infringement are well established and expert reports

7

have been exchanged and Fed. R. Civ. P. 26(a)(1) Initial Disclosures have been exchanged, the case should proceed on liability and damages. Proceeding under the Local Patent Rules would appear to be unnecessary.

Dated: May 2, 2014				Respectfully submitted,


				/s/ Jerold I. Schneider
				Jerold I. Schneider
				FL Bar No. 26975
				Jerold.schneider@sriplaw.com
				SCHNEIDER ROTHMAN
				INTELLECTUAL PROPERTY
				LAW GROUP, PLLC
				4651 North Federal Highway
				Boca Raton, FL 33431
				(561) 404-4350

				and

				Keith A. Vogt
				kvogt@takiguchiandvogt.com
				TAKIGUCHI & VOGT
				1415 W. 22nd Street, Tower Floor
				Oak Brook, IL 60523
				(773) 340-9469


				Attorneys for Plaintiff

8

## CERTIFICATE OF SERVICE

   I HEREBY CERTIFY that on the 2nd day of May, 2014, I served a copy of the foregoing on all parties on the following service list via ECF.

              /s/ Jerold I. Schneider
              Jerold I. Schneider
              FL Bar No. 26975

### SERVICE LIST

Bradford P. Lyerla
blyerla@jenner.com
JENNER & BLOCK LLP
353 North Clark Street
Chicago, IL 60654
*Attorneys for Defendant*

9